Henderson, Judge.
I concur in the opinion delivered by the Chief-Justice. The gravamen in an action of slander, is social degradation. The risk of punishment, and the rule to test the question whether the words be or be not actionable, to wit: does the charge impute an infamous crime, is resorted to, to ascertain the fact, whether it be a social degradation, and not whether the risk of punishment be incurred. And this rule is the test of that; for those who are punished for infamous crimes are degraded from their rank as citizens, they lose their privileges as freemen, their liberam legem, and are no longer boni el legales homines. No other degradation will give an action, for no other degradation is a social loss; arid it matters not where the offence be charged to be committed, or what may be the laws of a foreign country, where the act is charged to have been done. The words were spoken here of a man under the protection of our law. The gravamen is the loss of character here, and the transaction shall be judged of by our law, the lex lod.
The cases (which are numerous in our books) where the words impute a crime, and at the same time state a pardon or acquittal, fully prove that the degradation, and not the danger of punishment, is the basis of actions of slander. This ground is also fortified by the precedents. The complaint there, is always for the loss of character, and *467 not the danger of punishment; nor is it ever charged that the Defendant alleged the criminal act to he committed in this or any other particular government; only that the words were spoken at some place within the jurisdiction of the Court, merely to give a venue for their trial, if denied. And it is a maxim, founded on common sense, that you need not prove more than you ought to state; but you must prove every thing which you ought to state: for the pleadings are nothing but the alleged legal facts. As it is not required to be stated that the Defendant imputed the commission of a crime within the government, it is not required to be proven. It is, therefore, quite an immaterial circumstance. I am of opinion that judgment should be given for the Plaintiff.
Hall, Judge, contra.
No special damage is charged to have been the consequence of speaking the words charged in the declaration : they must, therefore, be words actionable in themselves, or the Plaintiff is not entitled to judgment, although the evidence on the trial established facts, which, had they been inserted in the declaration, would have clearly made out his case.
Words, in themselves actionable, are such as would, if true, bring a man into danger of legal punishment. At Common Law, to charge a man with stealing bonds, bills, notes, &c. which concern choses in action, was not actionable, because they were such goods that larceny could not be committed of them. In this State, the Common Law-continued unaltered in that respect until the act of 1811, ch. 11, was passed, which act declares the stealing of bonds, bills, notes, &c. to be a felony. Since the passage of that act, it is as actionable to charge a person with stealing that species of property as any other.
In England, formerly, to charge a person with being guilty of an act of witchcraft, was to charge him with a capital crime: but since it has been declared by statute to he no offence, to -make that charge against an individual is not actionable.
*468 Iii the present case, the Plaintiff is charged with having stolen the note in the State of Virginia j but whether or not the stealing of a note in that State was an offence or not, the declaration doth not set forth, if the Legislature of that State have passed no law making it an offence to steal a note, to charge a person with stealing one is not actionable. If there be such a Jaw, it ought to have been stated in the declaration. The Court ex officio cannot take notice of it.* It matters not that that fact was proved on the trial: whether the Plaintiff has a good cause of action or not, must appear from a view of his declaration.

 1 Chitty’s Pleadings, 221, and, the cases there cited.